## Tressell's Application.

*Judicial discretion—Competency and integrity of applicant—Not substituted for public official—Act not to be used as referendum vote of people—Act of May 23, 1887.*

1. The Act of May 23, 1887, P. L. 173, vests in the Court of Quarter Sessions authority to appoint private detectives when deemed necessary and expedient.

2. "No such license shall be granted until satisfactory proof of the competency and integrity of" the applicant has been made.

3. The function of such appointee is to make investigations for hire or reward, and not to take the place and perform the functions of a constable or police officer.

4. Where the applicant has been a candidate for the office of constable and defeated, the court will not set aside the will of the people, so publicly declared, by the subterfuge of pretending to appoint such defeated candidate a private detective, with the understanding that he shall in fact perform the functions of a public officer.

5. The testimony of an applicant to the effect that, while serving as chief of police during the period of two years, he made but two arrests for liquor law violations, negatives his competency as an officer; it being as much the duty of a chief of police to enforce the law as a constable.

Application for detective license under Act of May 23, 1887. Q. S. Washington Co., Feb. Sess., 1924, No. 318.

*J. Salem Flack*, for applicant.

*J. Olan Yarnall* and *J. Albert Reed*, for remonstrants.

CUMMINS, J.—The petitioner has made application for a private detective license, proposing to operate said agency in the Borough of California, Pennsylvania, agreeable to the provisions of the Act of May 23, 1887, P. L. 173. This act vests in the Court of Quarter Sessions authority to make such appointments when, in the discretion of the court, it is necessary and expedient, but provides that "no such license shall be granted until satisfactory

proof of the competency and intergrity of" the applicant has been made. The function of such appointee, as disclosed by the act, is to make investigations for hire or reward. It is not the purpose of the act that such appointee shall take the place of, and perform the functions of, a constable or police officer, but that his services shall be of a private nature. For this reason, he is permitted and expected to receive compensation from those who employ him, while for a public officer to do so would constitute extortion.

The applicant in this case was, for about two years, the chief of police of said borough, having been recently dismissed from that office by the town council. He was likewise a candidate in that municipality, at the last general election, for the office of borough constable, in which election contest he was defeated by a considerable majority. In the present proceeding, apparently those who supported the applicant in his recent campaign (they themselves profess to be such) are supporting him now by evidence, letters and petitions, and those who opposed him then oppose in the same manner his present application. It is claimed by the applicant that those who opposed his election as constable, the town council who dismissed him and the remonstrants who now oppose his appointment, represent the lawless element, and the court is now asked to so hold, pass judgment upon the character and motives of those who voted at this election, and in substance to revoke the will of the people as publicly declared in that election by the subterfuge of pretending to appoint him a private detective, with the understanding that he shall in fact perform the functions of a public officer. This the court has no right to do for reasons which are obvious.

Those in favor of the application claim that in their community there are frequent violations of the prohibition laws. This, we regret, is doubtless true, and their desire for better law enforcement is commendable, but the applicant's own testimony, to the effect that during the two years that he served as chief of police he himself brought but two prosecutions for violations of our liquor law, does not give promise of any real improvement in law enforcement, even if the other circumstance above referred to permitted of his appointment. The integrity of the applicant has been established, but not his competency, as his past admitted service must speak for itself.

It must not be understood from the conclusions herein reached that the court will not, in a proper case, make an appointment of the nature prayed for. All that we decide is that we cannot make this appointment for the reasons, first, that it would constitute in substance an overriding of the will of the people declared in a public election; and, second, that the applicant's admitted previous record in the enforcement of the prohibition laws does not establish his competency as an officer.

To those interested in law enforcement may the court suggest that the employment of a private detective, whose identity is not known, is more effective than the employment of one who is known by the law-breakers. May the court also add that it is as much the duty of a chief of police to enforce our laws as that of a constable. Within the jurisdictional limits of the municipality, their authority in this regard is concurrent. We refer to this because police officers too frequently neglect or refuse to prosecute violations of the law unless they occur openly on the public streets.

### Decree.

And now, to wit, Aug. 18, 1924, for the reasons set forth in the foregoing adjudication, the application of J. L. Tressell for a detective license is refused.

From E. E. Crumrine, Washington, Pa.